E. T. Rainey, Appellant, v. American Express Company, Appellee.

APPEALS AND ERRORS—*when competency of evidence not subject to review.* If evidence was admitted in the trial court without objection, no question on review can be raised as to its competency.

Action commenced before justice of the peace. Appeal from the Circuit Court of Franklin county; the Hon. J. R. CREIGHTON, Judge, presiding. Heard in this court at the February term, 1909. Affirmed. Opinion filed November 13, 1909.

JAMES P. MOONEYHAM, for appellant.

W. F. SPILLER, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

Appellant brought suit against appellee before a police magistrate, claiming damages to the amount of $55.01 on account of improper care given to and delay in the delivery of six barrels of dressed poultry, shipped by express by appellant, to Chicago. In the Circuit Court, to which the case was appealed, there was a jury trial, resulting in a verdict in favor of appellee, and a judgment against appellant for costs.

From the proofs it appeared that appellant was engaged in the business of buying and shipping poultry at Eldorado, Illinois. On the morning of Monday, November 25, 1906, he caused to be dressed a quantity of ducks, geese and turkeys, which on the following day were packed in barrels and delivered to appellee, at about 6 o'clock p. m. It was expected they would go out over the Big Four Railroad, which carried express for appellee, upon a train due to leave Eldorado at 7:05 p. m. and arrive in Chicago the next day at about 7:30 a. m., so it could go upon the market of that day, the day before Thanksgiving, which lasted from 8 a. m. until 12 o'clock noon. The railroad train which was to carry the express, however, was late and did not leave Eldorado until 11:13 p. m. and the poultry did not reach the consignee until 2 o'clock the next afternoon, and when examined was found to be heated, sour and slippery. Although the general market was closed for the day, a sale of the poultry was effected, but at a somewhat lower price than it would have brought had it been received on time and in good condition.

The only points relied upon by appellant to reverse the judgment, brought to our attention by his briefs and argument, are, that the court erred in permitting improper evidence to be admitted on the part of appellee and that the verdict was not sustained by the proofs.

The evidence which appellant claims was improperly admitted, was a receipt given by the American Express Company, appellee, to appellant for the shipment of the poultry in question. Appellant made no ob-

jection whatever to the admission of this receipt when it was offered in evidence by appellee, nor is there anything in the record to show directly that he ever raised the question of its admissibility in the court below. Under such circumstances, he cannot here question the right of the court below to admit the receipt.

Upon the evidence the principal insistence was that the shipment of poultry became heated and thereby damaged by being placed in a steam heated car. There is nothing in the evidence however to show that this poultry was in fact placed in a steam heated car and appellee claims that the damaged condition of the poultry was due to the fact that it was held so long a time by appellant in Eldorado before it was shipped.

While there was some evidence in the record tending to show a slight difference between the morning and afternoon market on the day in question for prime stock, that is poultry in good condition, the evidence failed to show what difference, if any, there was in the price brought by damaged stock in the morning and in the afternoon.

The questions of fact appear from the record to have been fairly submitted to the jury and as there was sufficient evidence to sustain their verdict, it should not be disturbed.

The judgment of the court below will be affirmed.

*Affirmed.*